1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9   Maria M. Gonzalez, et al.,                )   No. CV 06-1268-PHX-ROS
                                              )   No. CV 06-1362-PHX-ROS (cons)
10          Plaintiffs,                       )
                                              )   No. CV 06-1575-PHX-EHC
11  vs.                                       )
                                              )   **OPINION AND ORDER**
12                                            )
    State of Arizona, et al.,                 )
13                                            )
            Defendants.                       )
14                                            )
    _____)

15

16

17          Pending before the Court is a Motion to Intervene and a Motion to Transfer and

18  Consolidate.  For the following reasons, the Motion to Intervene will be denied and the

19  Motion to Transfer and Consolidate will be granted.

20  **I. Motion to Intervene**

21          One day after the Court denied Plaintiffs' request for a temporary restraining order,

22  a ballot initiative political committee known as Yes on Proposition 200, and Randall Pullen,

23  the chairmen of Yes on Proposition 200, sought leave to intervene. (Doc. 72) The proposed-

24  intervenors seek either intervention as a matter of right or permissive intervention. The Inter

25  Tribal Council of Arizona opposes the intervention, arguing that the proposed-intervenors

26  do not qualify for either form of intervention. (Doc. 104)

27          **A. Intervention as a Matter of Right**

28

1    "[A]n applicant for intervention as of right must demonstrate that: (1) the intervention
2    application is timely; (2) the applicant has a 'significant protectable interest relating to the
3    property or transaction that is the subject of the action'; (3) 'the disposition of the action may,
4    as a practical matter, impair or impede the applicant's ability to protect its interest'; and (4)
5    'the existing parties may not adequately represent the applicant's interest.'" Prete v. Bradbury,
6    438 F.3d 949, 954 (9th Cir. 2006) (quoting United States v. Alisal Water Corp., 370 F.3d
7    915, 919 (9th Cir. 2004)). A proposed-intervenor must satisfy *all* of these requirements to
8    be entitled to intervention as a matter of right. Id. (finding that failure to satisfy fourth
9    requirement meant intervention should not have been granted). Assuming that the proposed-
10   intervenors have satisfied the first three elements, they have not presented adequate evidence
11   that the existing defendants "may not adequately represent [their] interest." Id. Thus, the
12   proposed-intervenors are not entitled to intervention as a matter of right.

13   "In assessing whether a present party will adequately represent an intervenor-
14   applicant's interests, [a court must] 'consider several factors, including whether [a present
15   party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is
16   capable of and willing to make such arguments, and whether the intervenor offers a necessary
17   element to the proceedings that would be neglected.'" Id. at 956 (quoting Sagebrush
18   Rebellion, Inc. v. Watt, 713 F.2d 525, 528 (9th Cir. 1983)). When, as here, "the government
19   is acting on behalf of a constituency that it represents," there is an assumption that the
20   government will adequately represent that constituency. Id. To rebut that assumption
21   proposed-intervenors must make a "very compelling showing," including a demonstration
22   that the "government will abandon or concede a potentially meritorious reading of the
23   statute." Id.; California ex rel. Lockyer v. United States, 450 F.3d 436, 444 (9th Cir. 2006).

24   In this case, the state defendants have already vigorously defended Proposition 200
25   in the context of Plaintiffs' request for a temporary restraining order. Also, the state
26   defendants' ultimate objective is a favorable ruling on the legality of Proposition 200, the
27   same objective as the proposed-intervenors. Finally, there is no indication that the State

28   
- 2 -

1  defendants will "abandon or concede a potentially meritorious reading of the statute." Id.
2  Thus, the proposed-intervenors have not satisfied the requirements for intervention as a
3  matter of right.

4    **B. Permissive Intervention**

5    Federal Rule of Civil Procedure 24(b) sets forth the procedure for permissive
6  intervention.  According to that Rule, a court must evaluate a request for permissive
7  intervention by considering "whether the intervention will unduly delay or prejudice the
8  adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).  A court should also
9  "consider whether the applicant's input is likely to make a significant and useful contribution
10  to the development of the underlying factual and legal issues." James Wm. Moore, Moore's
11  Federal Practice § 24.10[2][b] (3d ed. 2006).  Deciding whether to grant permissive
12  intervention "is directed to the sound discretion of the district court." San Jose Mercury
13  News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1100 (9th Cir. 1999).

14    In support of their request for permissive intervention, the proposed-intervenors state
15  that they will not seek to alter the discovery or hearing schedule. Thus, they believe that any
16  delay caused by their intervention would be "*de minimis*." (Doc. p.7)  Given the extremely
17  compressed discovery and hearing schedule, the state defendants' ability to represent the
18  proposed-intervenors' positions, and judicial economy concerns regarding the multiplication
19  of proceedings, the Court does not agree that allowing intervention would have only a minor
20  impact. See Venegas v. Skaggs, 867 F.2d 527, 531 (9th Cir. 1989) (stating judicial economy
21  is a valid consideration in deciding motion for permissive intervention); Menominee Indian
22  Tribe of Wisconsin v. Thompson, 164 F.R.D. 672, 678 (W.D. Wis. 1996) (denying
23  permissive intervention after determining state was adequately representing interests of
24  proposed-intervenor and intervention would not promote "prompt determination" of issues
25  before the court). Therefore, in an exercise of its discretion, the Court determines that
26  permitting the intervention of the proposed-intervenors would "unduly delay or prejudice the
27
28    - 3 -

1  adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Thus, the proposed-

2  intervenors are not entitled to permissive intervention.

3  **II. Motion to Transfer and Consolidate**

4          On June 30, 2006, the Secretary of State and the State of Arizona moved to transfer

5  and consolidate with the actions currently before this Court an action pending before Judge

6  Carroll. (Doc. 92) The case before Judge Carroll involves claims by the Navajo Nation that

7  Proposition 200's voter identification requirements violate federal statute and are

8  unconstitutional. The Navajo Nation believes that transfer and consolidation is inappropriate

9  because the facts and specific relief they seek differ from the facts and relief sought in the

10  previously consolidated cases. (06-1575 Doc. 15) The state defendants, however, believe

11  that there is "substantial overlap" in the legal theories in each case and judicial economy

12  favors transfer. (06-1575 Doc. 21 p.2)

13          Federal Rule of Civil Procedure 42(a) allows for the consolidation of related actions.

14  The Rule states, in relevant part, "[w]hen actions involving a common question of law or fact

15  are pending before the court . . . it may order all the actions consolidated." Fed. R. Civ. P.

16  42(a). If two cases qualify for consolidation pursuant to this rule, a court must "weigh[] the

17  interest in judicial convenience against the potential for delay, confusion, and prejudice

18  caused by consolidation." Paxonet Communications, Inc. v. TranSwitch Corp., 303 F. Supp.

19  2d 1027, 1028 (N.D. Cal. 2003). There is no dispute that the actions the State seeks to

20  consolidate "involve a number of common questions of law and fact." Id. The actions

21  presently before the Court as well as the Navajo Nation action involve an alleged conflict

22  between federal statutory law and Proposition 200. The actions also share an allegation that

23  Proposition 200 violates a number of constitutional provisions. Thus, there are substantial

24  "common question[s] of law or fact" for the Court to resolve that favor consolidation. Fed.

25  R. Civ. P. 42(a).

26          The Navajo Nation argues that important factual differences are present such that

27  consolidation is not proper. But the factual differences in the actions are not sufficient to

28                                              - 4 -

1    prevent consolidation. <u>See</u> <u>Bowman v. Legato Systems, Inc.</u>, 195 F.R.D. 655, 657 (N.D. Cal.

2    2000) (ordering cases consolidated despite factual differences). For example, in the actions

3    currently pending before the Court, the Plaintiffs seek statewide relief; in the Navajo Nation

4    action, however, the Plaintiffs seek relief only for voters on the Navajo Nation. The Navajo

5    Nation Plaintiffs argue that this difference in the scope of relief requested prevents

6    consolidation. While the scope of relief requested may be different, the legal and factual

7    issues in determining whether such relief is appropriate are substantially similar in all of the

8    actions. Thus, this factual difference is insufficient to prevent consolidation. The other

9    factual differences cited by the Navajo Nation are also unavailing. Therefore, the actions

10   will be ordered consolidated.

11        Accordingly,

12        **IT IS ORDERED** the Motion to Intervene (Doc. 72) is **DENIED**.

13        **IT IS FURTHER ORDERED** the Motion to Transfer and Consolidate (Doc. 92) is

14   GRANTED. Case number CV-06-1575-PHX-EHC shall be transferred to this Court and

15   consolidated with case number CV-06-1268-PHX-ROS.

16

17        DATED this *8/2/06* .

18

19                                    Roslyn O. Silver
                                      United States District Judge
20

21

22

23

24

25

26

27

28                                    - 5 -